# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DOMINGO RUIZ GONZALEZ,
**(#44643048, NEVSO)**

    *Plaintiff,*

vs.

HENDERSON DETENTION CENTER, *et al.,*

    *Defendant*s.

2:11-cv-00789-RLH-CWH

ORDER

    This *pro se* civil rights action by a federal detainee comes before the Court on plaintiff's application (#1) to proceed *in forma pauperis*, on a defense motion (#4) to dismiss, and for initial review under 28 U.S.C. § 1915A.  The Court finds that plaintiff is unable to pay a substantial initial partial filing fee toward the full filing fee pursuant to 28 U.S.C. § 1915(b)(1). The application to proceed *in forma pauperis* therefore will be granted, subject to the provisions herein.  The Court thus proceeds to consideration of the motion to dismiss and to initial review.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

    In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff.  *See,e.g., Russell*

*v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009).  That is, bare and conclusory assertions that merely constitute formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the complaint, plaintiff Domingo Gonzalez seeks monetary damages and injunctive relief against, in an official capactiy, the Henderson Detention Center, and, in individual and official capacities, Prison Health Services.  He alleges that he has been subjected to a number of allegedly unconstitutional prison conditions, including, *inter alia*, black mold, cell overcrowding, lack of recreational and exercise facilities, inadequate medical care, strip and cavity searches, and lack of vocational and educational programs.

In the motion to dismiss, attorneys for the City of Henderson seek dismissal of the Henderson Detention Center on the ground that the detention facility itself is not an entity that has the capacity to be sued. The Court routinely dismisses claims brought against detention facilities that are sued as such during screening, because a building or facility is not a juridical person subject to suit. Put simply, a plaintiff may not sue a building. All claims against the Henderson Detention Center therefore will be dismissed.

Moreover, all claims for injunctive relief have become moot, as plaintiff no longer is detained at the Henderson Detention Center.

The only claims that remain for consideration herein therefore are the claims for monetary damages alleging inadequate medical care by Prison Health Services.

The Due Process Clause of the Fourteenth Amendment guarantees a pretrial detainee the right to receive adequate medical care, and that right is violated if officials are deliberately indifferent to the detainee's serious medical needs. *E.g., Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242–43 (9th Cir.2010). Deliberate indifference exists when an official knows of and disregards a serious medical condition, *i.e.*, when an official is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually draws that inference. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).

In other words, in order to state a claim for relief for deliberate indifference to serious medical needs, the plaintiff must present factual allegations tending to establish that the defendant was "(a) *subjectively aware* of the serious medical need and (b) failed adequately to respond." *See, e.g., Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1017-18 (9th Cir. 2010(quoting prior authority, with emphasis in original). Medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not amount to deliberate indifference. *See, e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *rev'd on other grounds*, WMX Tech., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997)(*en banc*); *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir.1989).

/ / / /

1  Moreover, due to the absence of *respondeat superior* liability under Section 1983, a
2 private corporation may be held liable under Section 1983 for the acts of its agents or
3 employees only if they acted pursuant to corporate custom, policy, practice or usage.
4 *See,e.g., Rodriguez v. Smithfield Packing Co.*, 338 F.3d 348, 355-56 (4th Cir. 2002); *Jackson
5 v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002); *Street v. Corrections Corporation
6 of America*, 102 F.3d 810, 817-18 (6th Cir. 1996)(citing Eleventh Circuit authority collecting
7 prior cases); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993); *George
8 v. Sonoma County Sheriff's Department*, 732 F.Supp.2d 922, 939-40 (N.D. Cal. 2010)
9 (collecting cases); *Lassoff v. New Jersey*, 414 F.Supp.2d 483, 494-95 (D.N.J. 2006)(re:
10 nonliability of Bally's); *Ibarra v. Las Vegas Metropolitan Police Department*, 572 F.Supp. 562
11 (D. Nev. 1983)(re: nonliability of Horseshoe).

12  Plaintiff's allegations fail to state a claim upon which relief may be granted against
13 Prison Health Services under the foregoing standards.

14  First, plaintiff alleges that he needs eyeglasses. According to plaintiff's allegations, he
15 requested to see an eye doctor for "problems with his vision." Nurses instead came to his cell
16 and tested his vision with eye charts, telling him that his vision was fine. After he told a
17 federal judge at a hearing that his vision problems were not being addressed, he was taken
18 the next day to an optometrist who gave him a prescription for eyeglasses. He alleges that
19 Prison Health Services has refused to provide the glasses for some unspecified period of
20 time. He states that he was "told" by some unspecified person that Prison Health Services
21 "said" that his family should purchase the glasses for him.

22  The foregoing allegations fail to state a claim. Plaintiff's allegations do not establish
23 that his vision was in need of correction to a level that constituted a serious medical need.
24 Nor does he allege any harm from the alleged delay in furnishing him glasses. *See Shapley
25 v. Nevada Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir.1985)(to establish a
26 deliberate indifference claim based on a delay in medical treatment, a prisoner must show
27 that the delay in treatment led to further injury). Finally, plaintiff does not present any actual
28 factual allegations tending to establish that the alleged denial of care was pursuant to

corporate custom, policy, practice or usage of Prison Health Services. An allegation that some unspecified person "told" plaintiff that Prison Health Services "said" that his family should purchase the glasses does not establish more than the mere possibility of misconduct.

Second, plaintiff alleges that his left arm was "injured." After many requests and several months, a doctor did a quick examination of less than five minutes. An x-ray was taken, but plaintiff did not see the x-ray report. Plaintiff alleges "I am still having pain in my left arm." These sparse allegations, at best, present a difference of opinion as to the care required. Plaintiff alleges only that his arm was injured in some unspecified fashion, that he was seen by a doctor for the injury, and that he still has pain in the arm. The existence of continuing pain of some unspecified degree from an unspecified injury for which plaintiff was seen by a physician does not demonstrate deliberate indifference. Nor is deliberate indifference demonstrated by the fact that plaintiff has not seen the x-ray report, which is directed to the physician, not the patient. Finally, plaintiff does not present any actual factual allegations tending to establish that the alleged denial of care was pursuant to corporate custom, policy, practice or usage of Prison Health Services.

Third, plaintiff alleges that he developed a skin fungus on his left leg. He alleges that he was denied treatment of any kind and was told to purchase an anti-fungal cream from the commissary. After plaintiff told a federal judge at a hearing that he was not receiving treatment for the condition, he was treated with anti-fungal cream the next day. Plaintiff's allegations do not establish that the condition constituted a serious medical need. Nor does he allege any harm from the alleged delay in treatment. *See Shapley, supra*. Moreover, plaintiff does not present any actual factual allegations tending to establish that the alleged denial of care was pursuant to corporate custom, policy, practice or usage of Prison Health Services.

The complaint accordingly fails to state a claim upon which relief may be granted against any named defendant. The Court will give plaintiff an opportunity to file an amended complaint correcting the deficiencies in the complaint, to the extent possible. The complaint therefore will be dismissed with prejudice, subject to leave to amend.

IT THEREFORE IS ORDERED that the application (#1) to proceed in forma pauperis is GRANTED.  Plaintiff shall not be required to pay an initial partial filing fee.  However, even if the action is dismissed, Plaintiff still must pay the full filing fee pursuant to 28 U.S.C. § 1915(b)(2).

IT FURTHER IS ORDERED that the movant herein is permitted to maintain this action to a conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Southern Detention Center and/or CCA shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.  If plaintiff should be transferred to a different facility, then the Nevada Southern Detention Center and/or CCA is directed to send a copy of this order to the attention of the corresponding finance officer for the receiving institution, indicating the amount that plaintiff has paid toward his filing fee, so that funds may continue to be deducted from plaintiff's account.  **The Clerk of the Court shall send a copy of this order to the Finance Division of the Clerk's Office.  The Clerk shall also send a copy of this order to the attention of: Finance Officer, Nevada Southern Detention Center, 2190 East Mesquite Avenue, Pahrump, NV 89060**.

IT FURTHER IS ORDERED that the Clerk of Court shall file the complaint, that the motion (#4) to dismiss is GRANTED, and that the complaint shall be DISMISSED without prejudice for failure to state a claim upon which relief may be granted, subject to leave to amend within thirty (30) days of entry of this order.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:11-cv-00789-RLH-CWH, above the word "AMENDED" in the

1  space for "Case No." Under Local Rule LR 15-1 any amended complaint filed must be
2  complete in itself without reference to prior filings. Thus, any allegations, parties, or requests
3  for relief from prior papers that are not carried forward in the amended complaint no longer
4  will be before the Court.
5      The Clerk shall provide plaintiff with a copy of the complaint (#1-1) together with two
6  copies of a § 1983 complaint form and one copy of the instructions for same.
7      If plaintiff does not timely mail an amended complaint to the Clerk for filing, final
8  judgment will be entered dismissing the action without prejudice for failure to state a claim
9  upon which relief may be granted.
10     If an amended complaint is filed in response to this order, the Court will screen the
11 amended pleading before ordering any further action in this case.
12     DATED: October 12, 2011.

_____
ROGER L. HUNT
United States District Judge